1    ADRIENNE C. PUBLICOVER (SBN 161432)
     MICHAEL T. HORAN (SBN 148710)
2    WILSON, ELSER, MOSKOWITZ,
       EDELMAN& DICKER LLP
3    525 Market Street, 17th Floor
     San Francisco, CA 94105
4    Telephone:   (415) 433-0990
     Facsimile:    (415) 434-1370

5

6    Attorneys for Defendant
     PRINCIPAL LIFE INSURANCE COMPANY,
     f/k/a PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

7

8

9                  UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12    PETER E. GYORGY,                  )   Case No.: **'08 CV 0470 WQH BLM**

13          Plaintiff,                )   (Superior Court of California, County of San

14       v.                           )   Diego Case No. 37-2008-00077232-CU-IC-
                                 )   CTL)

15    PRINCIPAL LIFE INSURANCE COMPANY, )   **DEFENDANT'S NOTICE OF**
     f/k/a PRINCIPAL MUTUAL LIFE INSURANCE )   **REMOVAL OF ACTION UNDER 28**

16    COMPANY; and DOES 1 through 10, inclusive, )   **U.S.C. §§ 1332 & 1441 (b) (Diversity)**

17          Defendants.           )

18                                    )

19

20    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21         PLEASE TAKE NOTICE that Defendant Principal Life Insurance Company ("Principal

22    Life") hereby removes the below referenced action from the Superior Court in the State of

23    California for the County of San Diego, to the United States District Court for the Southern District

24    of California, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 on the grounds that there is

25    complete diversity of citizenship between Plaintiff Peter E. Gyorgy, who is a citizen of the State of

26    California, and PLIC, which is incorporated in Iowa and has its principle place of business in Des

27    Moines, Iowa.

28    ///

                                         1

FILED

08 MAR 13 PM 3:53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:     CP      DEPUTY

FAXED

ORIGINAL

1    The amount in controversy exceeds the jurisdictional minimum of $75,000.00 required by

2  Section 1332(a), as the insurance policy benefits at issue are over $75,000 and Plaintiff also seeks

3  economic and consequential damages, general damages for alleged mental emotional distress,

4  attorneys' fees and punitive damages.

5    1.    On February 4, 2008, Plaintiff filed in the Superior Court in and for the County of

6  San Diego a civil action entitled *Peter E. Gyorgy, Plaintiff, vs. Principal Life Insurance Company,*

7  *f/k/a Principal Mutual Life Insurance Company; and Does 1 through 10, inclusive, Defendants,*

8  Case Number 37-2008-00077232-CU-IC-CTL (the "Complaint").

9    2.    Principal Life was served with a copy of the summons and Complaint on February

10  15, 2008.  A true and correct copy of the summons and Complaint is attached hereto as **Exhibit A.**

11  Each and every allegation in the Complaint and exhibit to the Complaint is incorporated by

12  reference into this Notice for purposes of removal.

13    3.    This action is a civil action of which this Court has original jurisdiction under 28

14  U.S.C. § 1332, and is one which may be removed to this Court by PLIC pursuant to the provisions

15  of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter

16  in controversy exceeds the sum of $75,000, exclusive of interest and costs.

17    4.    Plaintiff's lawsuit seeks to recover disability benefits under Principal Life policy

18  number P459473.  (Complaint, ¶¶ 5, 6, 8, 12  and Prayer.)  Plaintiff alleges that he is entitled to

19  $1500 in monthly benefits under Principal Life policy number P459473 for a five year maximum

20  benefit period (for a total of $90,000 in benefits).  (*Id.*, ¶¶ 5, 6.)  Plaintiff also seeks economic and

21  consequential damages, general damages for mental and emotional distress, attorneys' fees and

22  punitive damages.  (Prayer to Complaint.)

23    5.    Principal Life is informed and believes that Plaintiff is now and was at the time this

24  lawsuit was filed a citizen of the State of California.  (Complaint, ¶ 1.)

25    6.    Principal Life is now and was at the time this lawsuit was filed an Iowa corporation

26  with its principle place of business in Des Moines, Iowa.  Principal Life is therefore a citizen of the

27  State of Iowa.  Principal Life is not a citizen of the State of California.

28  / / /

2

DEFENDANT'S NOTICE OF REMOVAL
USDC SDCA Case #
327578.1

1    7.    The other defendants named in the Complaint are merely fictitious parties identified

2   as Does 1 through 10 whose citizenship shall be disregarded for purposes of this removal. *Fristos*

3   *v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

4    8.    This Notice of Removal is timely filed in that it has been filed within thirty (30) days

5   of service and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b).

6    9.    Venue lies in the United States District Court for the Southern District of California,

7   pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), because Plaintiff's state court complaint was filed in

8   a California Superior Court within this district and this is the judicial district in which the action

9   arose.

10    10.    Principal Life is informed and believes, and thereon alleges, that other than the court

11  documents attached to this Notice of Removal, there have been no further pleadings, process, or

12  orders filed in this action.

13    11.    A Notice to State Court and to Adverse Party is being filed with the Superior Court

14  of the State of California in and for the County of San Diego, and will be served on Plaintiff.

15    12.    For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C.

16  §§ 1332 and 1441(b).

17

18  Date: March 13, 2008        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

19

20                         By: _____

21                              Adrienne C. Publicover
                                Michael T. Horan
22                              Attorneys for Defendant
                                PRINCIPAL LIFE INSURANCE COMPANY, f/k/a
23                              PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

24

25

26

27

28

---

3

DEFENDANT'S NOTICE OF REMOVAL
USDC SDCA Case #
327578.1

**CERTIFICATE OF SERVICE**
*Peter E. Gyorgy v. Principal Life Insurance Company, et al.*
*USDC SDCA Case #*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 & 1441 (b) (Diversity)**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Frank N. Darras, Esq.
SHERNOFF BIDART & DARRAS, LLP
3257 E. Guasti Road, Suite 300
Ontario, CA 91761
Tel:    (909) 390-3770
Fax:    (909) 974-2121

*Attorneys for Plaintiff*
*PETER E. GYORGY*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **March 13, 2008**, at San Francisco, California.

Joya Yeung

DEFENDANT'S NOTICE OF REMOVAL
USDC SDCA Case #
327578.1

# EXHIBIT A

## SUMMONS

**(CITACION JUDICIAL)**

SUM-100

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PRINCIPAL LIFE INSURANCE COMPANY, f/k/a PRINCIPAL MUTUAL LIFE
INSURANCE COMPANY; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PETER E. GYORGY,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2008-00077232-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

FRANK N. DARRAS                                              909.390-3770
SHERNOFF BIDART & DARRAS, LLP
3257 E. Guasti Road, Suite 300
Ontario, California 91761

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | FEB 4 – 2008 | Clerk, by<br>*(Secretario)* | CLERK OF THE SUPERIOR COURT<br>D. ANI E. ASHTON , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010))
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☒ on behalf of *(specify)*: PRINCIPAL LIFE INSURANCE COMPANY, f/k/a<br>             PRINCIPAL MUTUAL LIFE INSURANCE COMPANY<br>under ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)<br>       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416 90 (individual)<br>       ☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>SOSC CIV-318[Rev. 1-04] | **SUMMONS**<br>COPY | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |



1   FRANK N. DARRAS #128904
    SHERNOFF BIDART & DARRAS, LLP
2   3257 East Guasti Road, Suite 300
    Ontario, California 91761
3   Telephone:   (909) 390-3770
4   Facsimile:   (909) 974-2121

5   Attorneys for Plaintiff

6

7                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                        FOR THE COUNTY OF SAN DIEGO

9

10  PETER E. GYORGY,                      Case No.:   37-2008-00077232-CU-IC-CTL

11               Plaintiff,               COMPLAINT AND JURY DEMAND

12      vs.

13  PRINCIPAL LIFE INSURANCE              1)   Breach of the Duty of Good Faith
    COMPANY, f/k/a PRINCIPAL MUTUAL            and Fair Dealing
14  LIFE INSURANCE COMPANY; and         2)   Breach of Contract
15  DOES 1 through 10, inclusive,

16

17               Defendants.

18

19  Plaintiff alleges as follows:

20                          **Factual Allegations**

21      1.    Plaintiff is, and at all relevant times was, a resident and citizen of the State

22  of California.

23      2.    Plaintiff alleges upon information and belief that Defendant, PRINCIPAL

24  LIFE INSURANCE COMPANY, formerly known as, PRINCIPAL MUTUAL LIFE

25  INSUARNCE COMPANY ("PRINCIPAL"), is, and at all relevant times was, a corporation

26  duly organized and existing under and by virtue of the laws of the State of Iowa and

27  authorized to transact and transacting the business of insurance in this state.

28      3.    The true names of capacities, whether individual, corporate, associate, or

                              - 1 -
                    COMPLAINT AND JURY DEMAND

1  otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff, who

2  therefore sues said Defendants by such fictitious names. Plaintiff is informed and

3  believes and on such information and belief alleges that each of the Defendants sued

4  herein as a DOE is legally responsible in some manner for the events and happenings

5  referred to herein, and will ask leave of this court to amend this Complaint to insert their

6  true names and capacities in place and instead of the fictitious names when the same

7  become known to Plaintiff.

8      4.    At all relevant times, Defendants, and each of them, were the agents and

9  employees of each of the remaining Defendants, and were at all times acting within the

10  purpose and scope of said agency and employment, and each Defendant has ratified

11  and approved the acts of his agent.

12      5.    At all relevant times herein, MR. GYORGY was covered under Disability

13  Income Policy number P459473 issued by PRINCIPAL to MR. GYORGY on or about

14  May 28, 1994 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

15      6.    According to the terms of the Policy, PRINCIPAL promised to pay MR.

16  GYORGY monthly disability benefits in the approximate amount of $1,500.00, after a

17  ninety (90) day Elimination Period, should he become disabled. According to the terms

18  of the Policy:

| Term | Provision |
|---|---|
| Elimination Period | 90 Days |
| Maximum Monthly Benefit | $1,500.00 (Plus any increases under the Benefit update Rider) |
| Maximum Benefit Period | 5 years but not beyond the Age 65 Policy Anniversary. If this policy is renewed between the Age 65 and Age 74 Policy Anniversaries, the Maximum Benefit Period is 2 years. Beyond the Age 74 Policy Anniversary, the Maximum Benefit Period is 1 year. |
| Disability | Disability means: |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 2 -
COMPLAINT AND JURY DEMAND

| Term | Provision |
|------|-----------|
| | 1. solely due to Injury or sickness: |
| |     a. i. Your ability to work is restricted, resulting in the Loss of Earnings; or |
| |       ii. You are unable to perform the substantial and material duties of your regular occupation in which you were engaged just prior to the Disability; and |
| |     b. Your Loss of Earnings is 20% or more of your Prior Earnings; and |
| | 2. You are receiving care from a Doctor which is appropriate for the condition causing your Disability. We will waive this requirement when continued care would be of no benefit to you. |
| | (NOTE: On or about August 25, 2006, PRINCIPAL wrote to MR. GYORGY and informed him that it would apply the following to the above disability definition: |
| |     "Based upon 'Moore vs. America United Life Insurance Company (1984) 150 CAL APP 3D610, 632; 197 CaAL. RPTR. 878, 892', the definition of Disability on your policy will be administered as: |
| |     To be eligible for benefits, your policy requires that solely due to Injury or Sickness your ability to work is restricted, resulting in a Loss of Earnings; or you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way; and |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

COMPLAINT AND JURY DEMAND

| Term | Provision |
|------|-----------|
|      | your Loss of Earnings is 20% or more of your Prior Earnings. Your policy also requires that you are receiving care from a doctor which is appropriate for the condition causing your disability.")[1] |

7.     At all relevant times herein, all premiums due under the Policy have been paid and Plaintiff has performed all his obligations under the Policy.

8.     On or about November 25, 2005, MR. GYORGY became disabled under the terms of the Policy, and submitted a claim to PRINCIPAL. Prior to his disability, MR. GYORY was the Director for Business Development for Aptium Oncology, a company that has been designing, building and managing cancer centers at leading hospitals for over twenty years.

9.     On or about September 26, 2006, Dr. Jay H. Shaffer, a psychiatrist who began treating MR. GYORGY in or about January, 2006, certified MR. GYORGY's disability in a PRINCIPAL Psychiatric Questionnaire. According to the Questionnaire:

- "Pt c/o feelings of depression...were quite severe with suicidal ideation, plan and variable intent worsening over the six months prior to his first visit."
- "Likely secondary to his depression, he had become ineffective in his work."
- "His mother died in May, 2006....mom entered skilled nursing facility with terminal illness."
- MAJOR SYMPTOMS: feelings of depression; lethargy and fatigue; anxiety and fearfulness; decrease in short term memory (forgetfulness); poor and non restorative sleep.

---

[1] To the extent that these definitions are in conflict with California law, Plaintiff alleges upon information and belief that California law controls.

COMPLAINT AND JURY DEMAND

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- DIAGNOSIS: Major Depression, Recurrent, Severe; Anxiety Disorder, Severe, with occasional panic attacks and obsessive-compulsive symptoms.

10.  During treatment for his depression, MR. GYORGY attended individual and group treatment sessions, sought advice from different providers and had his prescribed medications changed by his treaters, all in an attempt to resolve/improve his depressive state. He began taking Cymbalta[2], which was subsequently changed to Wellbutrin[3] in or about March, 2006 and then back again with an increase in dosage. Additionally, he has tried Nefazodone[4].

11.  Additionally, MR. GYORGY was also taking multiple medications due to his HIV status. On or about November 2, 2006, David Shamblaw, M.D., a board certified family practitioner and a member of the American Academy of HIV medicine whom MR. GYORGY had been treating with since in or about August, 2005, wrote a prescription for the refill of the following prescriptions: Zerit[5]; Norvir[6]; Lexiva[7]; Ziagen[8]; Viread[9]; and Videx[10].

---

[2] Side effects of this medication include nausea; loss of appetite; fatigue; drowsiness; dizziness; blurred vision; and mental/mood changes.

[3] Side effects of this medication include headache; nausea/vomiting; anxiety; fatigue; mental/mood changes; and blurred vision.

[4] Side effects of this medication include sleepiness; nausea; dizziness; weakness; blurred vision and mental confusion.

[5] This medication is used in combination with other medication(s) to treat HIV infection. Side effects include peripheral neuropathy; headache and diarrhea or nausea.

[6] Side effects of this medication include weakness; loss of appetite; nausea; vomiting; diarrhea; stomach pain; and numbness or tingling of the mouth, hands or feet.

[7] Side effects of this medication include diarrhea; nausea; vomiting; headache; fatigue; mental/mood changes; and stomach/abdominal pain.

[8] Side effects of this medication include headache and trouble sleeping.

[9] Side effects of this medication include nausea; vomiting; diarrhea; headache; dizziness; stomach upset; muscle pain; loss of appetite; depression; and unusual tiredness or weakness.
[10] Side effects of this medication include headache; rash; weakness; loss of appetite; muscle or joint pain; insomnia; vomiting; and nausea.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9171 TEL 909 621 4935

1    12.    However, despite his disabling depression, on or about April 13, 2007,

2    PRINCIPAL unreasonably denied MR. GYORGY the disability benefits to which he was

3    entitled under the terms of the Policy.

4    13.    To date, PRINCIPAL has unreasonably failed and refused to pay Plaintiff

5    the benefits to which he was entitled.

6

7    PLAINTIFF, PETER E. GYORGY, FOR A FIRST CAUSE OF ACTION AGAINST

8    DEFENDANTS, PRINCIPAL LIFE INSURANCE COMPANY, f/k/a PRINCIPAL MUTUAL

9    LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive, FOR BREACH OF

10    THE DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

11    14.    Plaintiff refers to each and every paragraph of the General Allegations and

12    incorporates those paragraphs as though set forth in full in this cause of action.

13    15.    Defendants, and each of them, have breached their duty of good faith and

14    fair dealing owed to Plaintiff in the following respects:

15    a.    Unreasonably failing to make payments to Plaintiff at a time when

16    Defendants know that Plaintiff was entitled to the payments under the terms

17    of the Policy.

18    b.    Unreasonably delaying payments to Plaintiff knowing Plaintiff's

19    claim for benefits under the Policy to be valid.

20    c.    Unreasonably withholding payments from Plaintiff knowing

21    Plaintiff's claim for benefits under the Policy to be valid.

22    d.    Unreasonably misrepresenting to Plaintiff pertinent facts and

23    insurance Policy provisions relating to the coverage in issued.

24    e.    Failing to reasonably and promptly investigate and process

25    Plaintiff's claim for benefits.

26    f.    Not attempting in good faith to effectuate a prompt, fair and

27    equitable settlement of Plaintiff's claim for benefits in which liability has

28    become reasonably clear.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711  TEL 909 621 4935

- 6 -

g.      Failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiff's claim for benefits.

h.      Plaintiff is informed and believes and thereon alleges that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

16.     As a proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

17.     As a further proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined at the time of trial.

18.     As a further proximate result of the unreasonable conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits in a sum to be determined at the time of trial.

19.     Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants. .

1     20.    Defendants' conduct was highly reprehensible because (1) it caused

2 plaintiff not only substantial economic loss, but also personal physical injury and

3 physical sickness; (2) it demonstrated defendants' indifference and reckless disregard

4 as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than

5 just an isolated incident; (4) it caused harm to plaintiffs not by accident, but rather by

6 defendants' intentional malice, trickery, and deceit; and (5) plaintiff was financial

7 vulnerable to Defendants' conduct.

8     21.    Defendants' conduct described herein was undertaken by the corporate

9 Defendant's deputies or managing agents, identified herein as DOES 1 through 100,

10 who were responsible for claims supervision and operations, underwriting,

11 communications and/or decisions. The aforedescribed conduct of said managing agents

12 and individuals was therefore undertaken on behalf of the corporate Defendants. Said

13 corporate Defendants further had advance knowledge of the actions and conduct of

14 said individuals whose actions and conduct were ratified, authorized, and approved by

15 managing agents whose precise identities are unknown to Plaintiff at this time are

16 therefore identified and designated herein as DOES 1 through 10, inclusive.

17

18     PLAINTIFF, PETER E. GYORGY, FOR A SECOND CAUSE OF ACTION

19 AGAINST DEFENDANTS, PRINCIPAL LIFE INSURANCE COMPANY, f/k/a

20 PRINCIPAL MUTUAL LIFE INSURANCE COMPANY; and DOES 1 through 10,

21 inclusive, FOR BREACH OF CONTRACT, ALLEGES:

22     22.    Plaintiff refers to each and every paragraph of the General Allegations and

23 incorporates those paragraphs as though set forth in full in this cause of action.

24     23.    Defendants, and each of them, owed duties and obligations to Plaintiff

25 under the Policy.

26     24.    Defendants, and each of them, breached the terms and provisions of the

27 insurance Policy by failing and refusing to pay benefits under the Policy as set forth in

28 the second paragraph of the First Cause of Action, incorporated herein by referenced.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS

1    25.    As a direct and proximate result of Defendants' conduct and breach of

2    their contractual obligations, Plaintiff has suffered damages under the Policy in an

3    amount to be determined according to proof at the time of trial.

4    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

5    them, as follows:

6    AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS, PRINCIPAL

7    LIFE INSURANCE COMPANY, f/k/a PRINCIPAL MUTUAL LIFE INSURANCE

8    COMPANY; and DOES 1 through 10, inclusive, FOR BREACH OF THE DUTY OF

9    GOOD FAITH AND FAIR DEALING:

10    1.    Damages for failure to provide benefits under the Policy, plus interest,

11    including prejudgment interest, and other economic and consequential damages, in a

12    sum to be determined at the time of trial;

13    2.    General damages for mental and emotional distress in a sum to be

14    determined at the time of trial;

15    3.    For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff

16    to obtain the Policy's benefits in an amount to be determined at the time of trial;

17    4.    Punitive and exemplary damages in an amount appropriate to punish or

18    set an example of Defendants;

19    5.    For costs of suit incurred herein; and,

20    6.    For such other and further relief as the Court deems just and proper.

21    AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS,

22    PRINCIPAL LIFE INSURANCE COMPANY, f/k/a PRINCIPAL MUTUAL LIFE

23    INSURANCE COMPANY; and DOES 1 through 10, inclusive, FOR BREACH OF

24    CONTRACT:

25    1.    Damages under the Policy in an amount to be determined according to

26    proof at the time of trial;

27    2.    For costs of suit incurred herein; and,

28    ///

- 9 -
COMPLAINT AND JURY DEMAND

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

1    3.    For such other and further relief as the Court deems just and proper.

2

3    DATED:  January 29, 2008      SHERNOFF BIDART & DARRAS, LLP

4

5

6                         FRANK N. DARRAS
                            Attorneys for Plaintiff

7

8                  **DEMAND FOR JURY TRIAL**

9

10    Plaintiff hereby demands a trial by jury.

11

12                      SHERNOFF BIDART & DARRAS, LLP

13

14

15                          FRANK N. DARRAS
                            Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND

**DISABILITY INCOME POLICY.** NON-CANCELLABLE AND GUARANTEED RENEWABLE TO AGE 65 AT GUARANTEED PREMIUM RATES. CONDITIONALLY RENEWABLE FROM AGE 65 FOR LIFE, SUBJECT TO CHANGE IN PREMIUM RATES. SOCIAL SECURITY SUBSTITUTE BENEFIT, IF INCLUDED, CONTINUABLE AT GUARANTEED PREMIUM RATES . TO AGE 65 OR PRIOR RETIREMENT. PARTICIPATING.

This policy will stay in force until your Age 65 Policy Anniversary as long as premiums are paid when due. If certain conditions are met, this policy may be renewed on your Age 65 Policy Anniversary and each year after that for life. See the Renewal After Age 65 section. While this policy is in force, we cannot:

1. Cancel it; or
2. Change the premium rate (before the Age 65 Policy Anniversary).

We will refund any Social Security Substitute Benefit premiums paid for a time when your retirement benefits are paid under the Social Security Act. We will pay this policy's benefits subject to all policy provisions. The policy is issued in consideration of the application and payment of premiums. Signed for Principal Mutual Life Insurance Company at Des Moines, Iowa on the policy date.

*Hope N. Hoffman*

VICE PRESIDENT AND
CORPORATE SECRETARY

*David J. Drury*

PRESIDENT

**10 DAY EXAMINATION OFFER.** The Owner may return this policy to either the agent or our home office within ten days of its receipt. We will refund any premiums paid and the policy will be considered void from its inception. Please read this policy carefully to better use its many benefits.

**IMPORTANT NOTICE–** Please review the copy of the application attached to this policy. Write to Principal Mutual Life Insurance Company, 711 High Street, Des Moines, Iowa 50309 within ten days if any information shown on it is not correct and complete, or if any medical history has been left out. The application is part of the policy. The policy was issued on the basis that the answers to all the questions and the information shown on the application are correct and complete. Omissions or misstatements on the application could cause an otherwise valid claim to be denied.

 **the Principal** *Financial Group*

Principal Mutual Life
Insurance Company

711 High Street
Des Moines, Iowa 50392-0001

| INSURED | Peter E Gyorgy | POLICY DATE | May 28, 1994 |
|---|---|---|---|
| POLICY NUMBER | P459473 | POLICY | Disability Income |

000011

EXHIBIT A

HH 641

HH 641                                2                          P459473

---

### INDEX

PAGE                                                    PAGE

Age (of Insured)...............14      Premiums and Reinstatement......12
Capital Sum Benefit............9       Presumptive Disability Benefit...9
Change of Owner or Loss Payee...14    Proof of Loss...................12
Claims.........................11      Rehabilitation Benefit..........9
Cosmetic Surgery Benefit.......9       Reinstatement...................13
Data Page......................3       Renewal After Age 65............11
Definitions....................4       Social Security, Benefit........7
Disability Benefit.............7       Special Death Benefit...........9
Grace Period...................12      Suspension During Military......13
Incontestable..................14      Transplant Surgery Benefit......9
Ownership......................6       Unpaid Premium..................12
Payment of Claims..............12      Waiver of Premium...............10
Policy Adjustment..............10

A copy of the application and any additional benefits provided
by rider follow the last page of this policy.

---

The words "we", "our" and "us" refer to Principal Mutual Life Insurance Company.

"You" and "your" refer to the person named as the Insured on the Data Page of this policy.

The Insured may or may not be the Owner. Certain policy rights may only be exercised by the Owner. To indicate which rights these are, this policy refers to the "Owner".

We have used examples to explain some of the policy's provisions. As you read through the policy, remember that these examples do not reflect the actual amounts or status of this policy.

000012                          EXHIBIT  A



**the Principal**
**Financial Group**

Principal Mutual Life
Insurance Company
Des Moines, Iowa 50392-0001

DATA PAGE                                          PAGE 3

INSURED      Peter E Gyorgy            ISSUE AGE        33

POLICY NUMBER   P459473                POLICY   Disability Income

POLICY DATE    May 28, 1994

## BENEFITS

| POLICY | ELIMINATION PERIOD | MAXIMUM MONTHLY BENEFIT |
|---|---|---|
| HH641    Disability Income Policy | | |
| Disability Benefit | 90 Days | $1,500.00 |

Social Security Substitute Benefit not included

Maximum Benefit Period -- 5 years but not beyond the Age 65 Policy Anniv.
If this policy is renewed between the Age 65 and Age 74 Policy
Anniversaries, the Maximum Benefit Period is 2 years.  Beyond the
Age 74 Policy Anniversary, the Maximum Benefit Period is 1 year.

Capital Sum Benefit                    $18,000.00

Special Death Benefit                   $4,500.00

RIDERS

HH677    Benefit Update

HH661    Business Earnings

HH592    Additional Exception

Endorsements:   SF225 HH681

000013          EXHIBIT  A

HH 641                    (Continued on page 3-1)

DATA PAGE                                    PAGE 3-1

INSURED        Peter E Gyorgy        ISSUE AGE         33

POLICY NUMBER  P459473               POLICY  Disability Income

POLICY DATE    May 28, 1994

PREMIUMS

|  | BEGINNING |
|---|---|
| POLICY | MAY 28, 1994 |
| Disability Income Policy | |
| Disability Benefit | $470.50 |
| Social Security Substitute Benefit | $0.00 |
| RIDERS | |
| Benefit Update | 0.00 |
| Additional Exception | 0.00 |
| Total, Annual Premium*1 | $470.50 |
| Semi-Annual Premium*1 | $241.13 |
| Quarterly Premium*1 | $123.51 |
| Monthly Preauthorized Withdrawal Premium*1 | $41.17 |

*1 The premium billed will be less than the amount shown as long as you
qualify for the premium discount program.  Premiums under the program are 10%
less than the amount shown.  Should you leave the premium discount program or
no longer qualify for the discount, your premium will be the amount shown.

000014                    EXHIBIT A

HH 641

## DEFINITIONS IN THIS POLICY

### (IN ALPHABETICAL ORDER)

AGE POLICY ANNIVERSARY—means the Policy Anniversary on or next following the birthday designated.

> EXAMPLE: If the Policy Date is June 5, 2001, and you are 65 years old on April 3, 2007, the Age 65 Policy Anniversary is June 5, 2007.

CHANGE DATE—means each yearly anniversary of the start of a Continuous Disability. If a new Elimination Period is required because of a new Disability, new Change Dates will be set for the new Disability.

CONTINUOUS DISABILITY—means your Disability that continues with no interruption. You will be considered Continuously Disabled even if an Interrupted Elimination Period or Recurring Disability occurs.

CPI-U—means the Consumer Price Index for All Urban Consumers published by the United States Department of Labor. We will use a new index if:

1. The CPI-U is discontinued, delayed, or not otherwise available for use; or

2. The composition, base, or method of calculating the CPI-U changes so that we consider it inappropriate for this policy.

Any new index we choose will be one which we think best reflects the change in the cost of living in the United States.

CURRENT EARNINGS—means your Earnings for each month while you are Disabled.

DISABILITY—means:

1. Solely due to Injury or Sickness:

   a. i. Your ability to work is restricted, resulting in the Loss of Earnings; or

      ii. You are unable to perform the substantial and material duties of your regular occupation in which you were engaged just prior to the Disability; and

   b. Your Loss of Earnings is 20% or more of your Prior Earnings; and

2. You are receiving care from a Doctor which is appropriate for the condition causing your Disability. We will waive this requirement when continued care would be of no benefit to you.

If a Disability is caused by more than one Injury or Sickness, we will pay benefits as if the Disability were caused by only one Injury or Sickness.

000015    EXHIBIT A

HH 641    4    P459473

DOCTOR—means a medical practitioner who is legally licensed to practice under state law, and not yourself, the Owner, or the Loss Payee.

EARNINGS—means income you earn for labor or services performed. This includes salary, wages, fees, draw, commissions, and other compensation you receive. If you are self-employed, this is net income after deducting your normal and customary business expenses. These expenses must be reasonable and must not exceed expenses before Disability began. They must be deductible for Federal Income Tax purposes.

Identifiable contributions for you to any tax qualified retirement, annuity, salary reduction, or deferred compensation plan, whether employer sponsored or individually owned, or to any non-qualified deferred compensation plan are considered Earnings if they are:

1. Made either by you or on your behalf; and

2. Not waived by contract during your Disability.

During any period, Earnings:

1. Will include all income for services performed during that period, whether or not received; but

2. Will not include income for services performed prior to that period, regardless of when received.

ELIMINATION PERIOD—means the number of days of Disability from the start of a Continuous Disability for which no benefits will be paid. The Data Page shows the Elimination Period for each of the Disability Benefit and Social Security Substitute Benefit sections.

EXTENDED DISABILITY—means we will continue to consider you Disabled even if your Loss of Earnings is less than 20% of your Prior Earnings if:

1. You have been receiving benefits for the same Continuous Disability under this policy for at least 90 days;

2. You meet all the other requirements for Disability; and

3. The total of the benefits payable under this policy would be at least $300 per month.

FAMILY BENEFITS—means amounts payable to or for your spouse or dependents, if any, for your retirement or disability under Social Security.

INDEX FACTOR—means, as of any Change Date, a factor which is based upon the change in the CPI-U from the start of a Continuous Disability to the Change Date. It is figured by dividing the CPI-U for the calendar month three months before the Change Date by the CPI-U for the calendar month three months before the date the Continuous Disability began. The Index Factor will not be less than 5% compounded annually.

INJURY—means accidental bodily injury which occurs while this policy is in force.

EXHIBIT A

INTERRUPTED ELIMINATION PERIOD—means if your Disability is not continuous the Elimination Period will be met if the required number of days of Disability occurs in a period that is:

1.  Twice as long as the Elimination Period; but

2.  Less than one year.

Disability may be from the same or a different cause. The periods of Disability will be combined to meet the Elimination Period.

LOSS OF EARNINGS—means Prior Earnings minus Current Earnings.

LOSS PAYEE—means the person named as the Loss Payee in the application. The term includes any lawful successors of the Loss Payee. Benefits will be paid to the Loss Payee except as provided in the Special Death Benefit. If no Loss Payee is named in the application, then the Owner is the Loss Payee.

MAXIMUM BENEFIT PERIOD—means the longest time for which benefits will be paid because of a Continuous Disability. The Maximum Benefit Period for this policy is shown on the Data Page. If the Maximum Benefit Period is more than 2 years, it will not extend beyond the Age 65 Policy Anniversary, but it will not be less than 2 years.

MONTHLY DATE—means the day of any month which is the same as the day of the Policy Date.

> EXAMPLE: If the Policy Date is June 5, 2001, the first Monthly Date is July 5, 2001.

OWNER—means the person named as the Owner in the application. The Owner may exercise every right and enjoy every privilege provided by this policy, except that benefits will be paid as stated in the Payment Of Claims provision. If you are not the Owner and the Owner dies before you, you become the Owner unless the Owner has provided for a successor owner.

PIA—means the primary insurance amount payable to you for retirement or disability under Social Security. It does not include benefits payable because of your spouse or dependents, if any.

POLICY YEARS AND ANNIVERSARIES—are computed from the Policy Date.

> EXAMPLE: If the Policy Date is June 5, 2001, the first Policy Year ends on June 4, 2002, and the first Policy Anniversary falls on June 5, 2002.

PRIOR EARNINGS—means your highest monthly average Earnings for any consecutive 12 months in the last 24 months before a Continuous Disability began. However, we will use any consecutive 24 months out of the last 60 months if that amount is higher. On each Change Date we will adjust the Prior Earnings to a new level by multiplying the Prior Earnings, as of the start of the Continuous Disability, times the Index Factor. If a new Elimination Period is required because of a new Disability, your Prior Earnings will again be determined for the new Disability without regard to any previous indexing.

000017          EXHIBIT   A

HH 641

7

P459473

RECURRING DISABILITY—means a Disability which:

1.  Starts within 6 months after the end of a prior period of Disability for which we paid benefits; and

2.  Is due to the same or a related cause.

A Recurring Disability is a continuation of the prior Disability. No new Elimination Period is required. We will pay benefits during the Recurring Disability for any of the Maximum Benefit Period remaining after that prior period of Disability.

SICKNESS—means a sickness or disease which first manifests itself while this policy is in force. If the Elimination Period for your Disability Benefit is less than 90 days, then normal pregnancy and normal childbirth are not Sicknesses and are not covered. If it is equal to or greater than 90 days, then they are covered.

SOCIAL SECURITY—means retirement or disability benefits payable under the Social Security Act of the United States, as amended. This includes the PIA and Family Benefits.

## DISABILITY BENEFIT SECTION

We will pay all or a proportion of this section's maximum monthly benefit shown on the Data Page for your Disability. Benefits start to accrue at the end of this section's Elimination Period. Benefits will continue during your Disability but not beyond the Maximum Benefit Period.

The proportion of the maximum monthly benefit payable will be your Loss of Earnings divided by your Prior Earnings. For a time when this proportion exceeds 75% we will pay all of the maximum monthly benefit.

For the first six months of a Continuous Disability for which benefits are payable and during which you have Earnings, the proportion will not be less than 50%. This 50% minimum does not apply during Extended Disability.

We will continue to pay benefits for up to four months, but not beyond the remaining portion of the Maximum Benefit Period if:

1.  You return to work full time after a Continuous Disability for which benefits are payable; and

2.  Your Loss of Earnings continues to be at least 20%.

## SOCIAL SECURITY SUBSTITUTE BENEFIT SECTION

The Social Security Substitute Benefit is provided only if amounts for it are shown on the Data Page. To receive this benefit:

1.  You must meet all the requirements of this section and the Additional Proof of Loss for Social Security Substitute Benefit section; and

2.  Benefits must be payable under the Disability Benefit section.

000618                EXHIBIT A

We will pay all or a proportion of this section's monthly benefit for your Disability. The proportion payable will be the same as the proportion in the Disability Benefit section. This section's monthly benefit is:

1. This section's maximum monthly benefit shown on the Data Page when no Social Security is paid; or

2. One third of this section's maximum monthly benefit shown on the Data Page when the only Social Security paid is the PIA.

Benefits start to accrue:

1. At the end of this section's Elimination Period; or

2. When Family Benefits for your Disability end, if later.

No benefits will be payable under this section for any period:

1. During which both PIA and Family Benefits for your Disability are paid;

2. After your Age 65 Policy Anniversary;

3. After you are eligible to receive full Social Security retirement benefits; or

4. For which you receive Social Security retirement benefits.

**ADDITIONAL PROOF OF LOSS FOR SOCIAL SECURITY SUBSTITUTE BENEFIT**

As a requirement for receiving the Social Security Substitute Benefit we must be given written proof, satisfactory to us, about Social Security benefits paid during the period for which you are claiming a loss under this section. Such proof is required as part of your original proof of loss and as often after that as we will reasonably require.

If we think it is reasonable that you would be entitled to disability or full retirement benefits under Social Security, we will require that you:

1. Apply for these benefits within 10 days after your receipt of written notice from us to do so;

2. Give us satisfactory proof within 30 days after your receipt of our notice, that you have applied for these benefits within the 10 day period; and

3. Request reconsideration of your application, if it is denied, and appeal any denial of reconsideration if an appeal appears reasonable to us.

We will stop payment of the Social Security Substitute Benefit at the end of the 10 day period if you do not comply with 1, 2, and 3 above. We will not resume payment until you have actually applied for Social Security.

If you have a spouse or any dependents who may be eligible for Family Benefits for your Disability, you must furnish us with the name, date of birth, and relationship to you of these family members.

**EXHIBIT A**

000019

## OTHER BENEFITS

**SPECIAL DEATH BENEFT**

If you die after satisfying the Elimination Period and while benefits are being paid under the Disability Benefit section, we will pay the Special Death Benefit shown on the Data Page. This benefit is in addition to any other benefit of this policy. This benefit is payable to the Loss Payee. If you are the Loss Payee at the time of your death, this benefit will be paid to your surviving spouse, if any, otherwise, to your estate.

**PRESUMPTIVE DISABILITY BENEFT**

We will pay the benefits under the Disability Benefit section as if you have no Earnings if an Injury or Sickness results in the total and irrecoverable loss of:

1. Power of speech;

2. Hearing in both ears;

3. Sight of both eyes; or

4. The use of both hands, both feet, or one hand and one foot.

We will also pay the Social Security Substitute Benefit, if any, subject to that section's requirements. The loss must occur while this policy is in force. You will not be required to be under the care of a Doctor. No Elimination Period will be required and the benefit will start to accrue on the date of loss. Monthly benefits will be paid as long as the loss continues, but no longer than the Maximum Benefit Period. If your Maximum Benefit Period shown on the Data Page is "to Age 65 Policy Anniversary" and your loss occurs prior to that Anniversary, the Maximum Benefit Period will be extended to "Lifetime" for benefits payable under the Disability Benefit section. Benefits will be paid for as long as the loss continues.

**CAPITAL SUM BENEFT**

We will pay the Capital Sum Benefit shown on the Data Page if an Injury or Sickness results in a total loss without any possibility of recovery of:

1. The use of a hand or foot; or

2. The sight of an eye. .

This benefit is in addition to any other benefit of this policy. It is payable for only one loss in your lifetime. In order for this benefit to be paid:

1. You must survive the loss for 30 days; and

2. The policy must be in force. If not, the loss must occur within 90 days after the Injury which caused it and which occurred while the policy was in force.

**REHABILITATION BENEFT**

We will pay an extra benefit when you participate in a vocational rehabilitation program which is mutually agreed upon by the Owner and us in advance. This benefit may include the reasonable cost of rehabilitation services, training, and education not otherwise covered under health care insurance, workers compensation, or any public fund or program. 000020           EXHIBIT A

**COSMETIC OR TRANSPLANT SURGERY BENEFT**

We will consider you Disabled due to Sickness if you become Disabled from:

1. Cosmetic surgery performed at least 6 months after the Policy Date; or

2. Surgery involving a transplant of a part of your body to another person.

**WAIVER OF PREMIUM BENEFIT**

In a period of Continuous Disability, if you are Disabled for the lesser of 90 days or the Elimination Period:

1.  We will refund the monthly pro rata portion of any premium paid for coverage after the date that a Continuous Disability began; and

2.  We will waive the payment of premiums which come due during your Continuous Disability.

When you are no longer receiving benefits, premium payments must begin on the next premium due date. We will not waive premiums beyond your Age 65 Policy Anniversary unless your policy is renewed subject to the Renewal After Age 65 provision and you are then eligible for the Waiver of Premium Benefit.

## POLICY ADJUSTMENT OPTIONS

While the policy is in force, you are not Disabled, and no premiums are in default, the Owner may request these policy adjustments:

1.  Increase or decrease the maximum monthly benefit for the Disability Benefit or Social Security Substitute Benefit sections;

2.  Lengthen or shorten the Elimination Period on either section;

3.  Lengthen or shorten the Maximum Benefit Period;

4.  Add or delete a benefit rider; or

5.  Any other adjustment we permit based on our then current underwriting rules.

These adjustments will affect this policy's premiums.

**APPROVAL OF AN ADJUSTMENT**

Any requested adjustment is subject to our approval. We require evidence which satisfies us that you are insurable under our then current underwriting rules to:

1.  Shorten an Elimination Period;

2.  Lengthen the Maximum Benefit Period;

3.  Add a benefit rider; or

4.  Increase the maximum monthly benefit of either the Disability Benefit or Social Security Substitute Benefit section.

We do not require evidence of insurability to:

1.  Lengthen an Elimination Period;

2.  Shorten the Maximum Benefit Period;

3.  Delete a benefit rider; or    000021    EXHIBIT A

4.  Decrease the maximum monthly benefit of either the Disability Benefit or Social Security Substitute Benefit section.

HH 641                                    10                                    P459473

HH 641    11    P459473

**REQUESTING
AN ADJUSTMENT**

An adjustment application signed by the Owner must be used to request an adjustment. It must also be signed by you if evidence of insurability is required. An adjustment is effective on the Adjustment Date, subject to our prior approval and payment of the required premium.

**ADJUSTMENT DATE**

The Adjustment Date will be the Monthly Date next following the date we approve the request for adjustment.

**EFFECT OF
AN ADJUSTMENT**

The adjusted benefits apply to a Disability from a Sickness which first manifests itself or an Injury which occurs on or after the Adjustment Date. The adjusted benefits will not apply to a Recurring Disability which is a continuation of a Continuous Disability which started before the Adjustment Date.

**DATA PAGES**

Any adjustment will change the information on this policy's Data Pages. We have the right to require that the policy be sent to us so we can replace these pages with new ones reflecting the adjustments.

## RENEWAL AFTER AGE 65

This policy ends on the Age 65 Policy Anniversary unless renewed. The Owner may renew this policy on a year to year basis after this date for life if:

1. You are actively working outside your home full time at least 30 hours a week for at least 46 weeks a year; and

2. The policy is in force with no premium in default.

We have the right to require proof you are working, but no other evidence of insurability will be required. The premium is not guaranteed and may be changed each year. The premium will be at our then current rate.

The Social Security Substitute Benefit and any attached riders will not be renewed after the Age 65 Policy Anniversary.

## CLAIMS

**NOTICE OF CLAIM**

We must receive written notice of claim within 30 days after a covered loss starts or as soon after that as is reasonably possible. At least once every six months after having given notice of claim, you shall give us notice of continued disability, except in the event of legal incapacity. The period of six months following any filing of proof, or any payment of benefits for such claim or any denial of liability in whole or in part by us shall be excluded for purposes of the written notice requirement. Delay in the giving of notice shall not impair the right to any benefits which would otherwise have accrued during the period of six months preceding the date on which notice is actually received. The notice can be sent to our home office at 711 High Street, Des Moines, Iowa 50309, or to our agent. Notice should include the insured's name and policy number.

**CLAIM FORMS**

We will send a claim form within 10 working days of receiving the notice of claim. If the claim form is not received within 15 days after notice of claim was sent to us, you or the Owner should write us a letter about the claim describing the cause and extent of your loss in detail.

000022        EXHIBIT  A

**PROOF OF LOSS**

Completion and return of the claim form or, if needed, the letter described above will serve as proper filing of proof of loss. This filing must be received in our home office no later than 90 days after the end of a period for which benefits are claimed. Benefits will not be reduced due to a delay in filing proof of loss if it was filed as soon as reasonably possible. In no event, however, will we accept a filing of proof of loss more than a year after it is due. An exception will be made only if the Owner was not competent to make claim.

As part of proof of your loss, we must be furnished with satisfactory proof of your Prior and Current Earnings so that we can determine the proportion of the monthly benefit payable. If this proof is not furnished, no benefit will be payable. Proof of Earnings may consist of copies of your Federal Income Tax returns, a statement from a Certified Public Accountant, or such other records we may require. Proof of Current Earnings must be furnished as often as we may reasonably require.

**PAYMENT OF CLAIMS (FACILITY OF PAYMENT)**

Monthly benefits are paid at the end of each month of Disability subject to continuing proof of loss. Any balance not yet paid when our liability ends will be paid immediately. Benefits will be paid to the Loss Payee except as provided in the Special Death Benefit provision. If benefits are payable to an estate, a minor, or a person not competent to give a release, we may make a payment (up to $1,000) to any relative by blood or connection by marriage of the Loss Payee we believe is entitled to it. If we do that in good faith, we will not be liable to anyone for the amount we pay.

**PARTIAL MONTHS**

We will pay one-thirtieth of the appropriate monthly benefit for each day of any period of less than a full month for which benefits are payable.

**PHYSICAL EXAMS**

We have the right to require you to be examined from time to time while a claim is pending or benefits are being paid. This will be by a Doctor we choose, at our expense and as often as we may reasonably require.

**LEGAL ACTION**

Legal action may not be started against us to recover on this policy until 60 days after filing of proof of loss nor more than 3 years after the filing of proof of loss is required under this policy.

## PREMIUMS AND REINSTATEMENT

**PAYMENT OF PREMIUM**

This policy is effective and its first premium is due on the Policy Date. After that, premiums are due as shown on the Data Page. Premiums may be paid on or before their due dates. The Owner may change the frequency of premium payments with our approval. We will not allow a change while you are Disabled. All premiums are to be sent as provided in the premium notices.

**GRACE PERIOD**

Except for the first premium, we allow a grace period of 31 days after the premium due date to pay the premium due. The policy will stay in force during this time. If a premium is not paid by the end of the grace period, it is in default and the policy terminates.

**UNPAID PREMIUM**

Before paying benefits, we will deduct any premium due but not yet paid.

**REFUND AFTER DEATH**

We will refund any premium paid for coverage beyond your death. We must be given written proof, satisfactory to us, about your death.

000623

EXHIBIT A

**TERMINATION**

This policy ends on the first of:

1. Your Age 65 Policy Anniversary unless renewed subject to the Renewal After Age 65 provision;

2. The Owner's written request to terminate it; or

3. The grace period ending as described in the Grace Period provision.

**REINSTATEMENT**

With our approval, this policy may be reinstated after termination. Payment of past due premiums is required. We may also require an application and evidence you are insurable under our underwriting rules then in effect.

When an application is required, reinstatement takes effect on the date we approve the application. If we do not decline reinstatement in writing within 45 days, the policy will be reinstated on the 45th day after the date of the conditional receipt.

When no application is required, reinstatement takes effect when we receive past due premiums.

A reinstated policy only covers a Disability from:

1. A Sickness which first manifests itself more than 10 days after the date reinstatement takes effect; or

2. An Injury which occurs after the date reinstatement takes effect.

A reinstated policy is subject to any provisions or changes attached to the reinstated policy.

**SUSPENSION DURING MILITARY SERVICE**

This policy will be suspended while you are on full-time active duty in the military service of any nation or international authority. Suspension will be effective as of the date active duty starts. Active duty does not include training by reservists that lasts 90 days or less. We will refund the pro rata portion of any premium paid for a period beyond the date of suspension. The suspended policy may be restored without proof of insurability if:

1. The active duty ends within 5 years from the date of suspension; and

2. The Owner applies in writing and premiums are paid within 90 days following the date active duty ends.

Your coverage will start again as of the date we receive the written request and premiums to restore the policy, but not before the date active duty ends. Only a Disability from a Sickness which first manifests itself or an Injury which occurs after the policy is restored is covered. Once restored, all rights under the policy will be the same as before the policy was suspended. Premiums will be at the same rate as they would have been had the policy remained in force.

## THE CONTRACT

**ENTIRE CONTRACT**

The policy, the attached applications, and any attached riders or endorsements make up the entire contract.

000024                    EXHIBIT A

**ALTERATIONS**

Only our corporate officers may modify or waive anything in, or approve adjustments to, the policy. The change must be attached to the policy. No one else, including the agent, may change the policy or waive any provision.

**INCONTESTABLE**

We will not use any misstatement in the application to void this policy or deny a claim after this policy has been in force for 2 years during your lifetime, excluding any period you are Disabled. We will not use any misstatement in an adjustment application to void that adjustment, or deny or reduce a claim after that adjustment has been in effect for 2 years during your lifetime, excluding any period you are disabled.

We will not deny or reduce a claim for a loss incurred or Disability starting after 2 years from the Policy Date or Adjustment Date on the grounds a sickness or physical condition existed before the Policy Date or Adjustment Date (unless excluded from coverage by name or specific description). Disability from a sickness or physical condition fully disclosed on the application for this policy or any adjustment application will be covered (unless excluded by name or specific description).

**MISSTATEMENT OF AGE**

The issue age shown on the Data Page should be your age on your birthday on or prior to the Policy Date. If your issue age is not correct, we will adjust the benefit amount. This adjustment will be based on the amount of benefit the premium would have purchased at the correct issue age. If coverage should have ended, no policy should have been issued or no adjustment made at the correct age, coverage is void retroactively for the periods affected. We will refund premiums paid for the periods coverage is void.

**DIVIDENDS**

Your policy is eligible to share in our divisible surplus. We will determine its share and credit it as a dividend at the end of each contract year. Dividends may be applied to reduce your premium or paid to you in cash. Unless you advise us otherwise in writing, we will pay dividends, if any, in cash. We do not expect any dividends will be paid under this policy.

**CHANGE OF OWNER OR LOSS PAYEE**

The Owner may name a new Owner or Loss Payee by a request in writing. Our approval is needed. The change is not effective until we approve it. Once approved, the change is effective on the date it was signed. We have the right to require the policy so we can record the change.

**STATE LAW CONFORMITY**

Any part of this policy that, on the Policy Date, conflicts with the laws of the state in which this policy is issued is changed to meet the minimum requirements of those laws.

**ASSIGNMENT**

We are not bound by an assignment until received in written form at our home office. We assume no responsibility for any assignment's validity. An assignment does not change the ownership of this policy.

000025

EXHIBIT A

## BENEFIT UPDATE RIDER

This rider is part of the policy. It is issued in consideration of the application and payment of the premiums for the policy to which it is attached. All definitions, provisions, and exceptions of the policy apply to this rider unless changed by this rider. Its issue date is the same as the Policy Date unless another date is shown on the Data Page.

**BENEFIT UPDATE POLICY ADJUSTMENTS**

Every 3 years from the Policy Date, we will review your Disability Benefit and any Social Security Substitute Benefit shown on the Data Page. We will ask for current underwriting information prior to the Policy Anniversary. If we receive the information we require within 30 days of our request, we may offer to increase or decrease your Disability Benefit and any Social Security Substitute Benefit. Our offer will be to adjust to the maximum allowable Disability Benefit and Social Security Substitute Benefits based on the information received and our then current underwriting guidelines. You need not show evidence of good health.

An increase offer will be automatically billed. Increases are accepted by paying the new premium. Increases may be rejected by notifying us in writing within 30 days of the Policy Anniversary or by not paying the increase in premium. A decrease offer is subject to the Owner's written acceptance within 30 days of the Policy Anniversary.

The adjusted Disability Benefit and any Social Security Substitute Benefit apply to new Disabilities which start on or after the Benefit Update Policy Adjustment Date. A Recurring Disability is not a new Disability.

**BENEFIT UPDATE POLICY ADJUSTMENT DATE**

Any adjustment in the Disability Benefit or any Social Security Substitute Benefit resulting from our offer will be effective on the Policy Anniversary, subject to the Owner accepting or rejecting our offer.

**BENEFIT UPDATE POLICY ADJUSTMENT DATA PAGES**

Any adjustment will change the information on the policy's Data Pages and new Data Pages will be provided.

**INCONTESTABLE**

We will not use any misstatement in the Benefit Update Offer application to void any increase in the Disability Benefit or Social Security Substitute Benefit to deny or reduce a claim after the adjustments have been in effect for 2 years during your lifetime, excluding any period you are Disabled.

**TERMINATION**

This rider will terminate, with no further offers available, when:

1. Underwriting information we require is not received within 30 days of our request;

2. Less than 50% of our offer to increase the Disability Benefit and any Social Security Substitute Benefit is accepted;

3. A decrease in the Disability Benefit or Social Security Substitute Benefit is made under the Policy Adjustment Option section of your policy;

4. The policy, of which it is a part, terminates; or

**000026**

(Continued on page 2)

**EXHIBIT   A**

the**Principal**

*Financial Group*

Principal Mutual Life
Insurance Company
Des Moines, Iowa 50392-0001

*David J. Drury*

PRESIDENT

HH 677

P459473

HH 677                                                                P459473

5.  You reach your Age 55 Policy Anniversary (except we will make one review for any policy issued on or after age 52).

**REINSTATEMENT**

If this rider terminates under numbers 1, 2 or 3 above, the Owner may request reinstatement when the Disability Benefit and any Social Security Substitute Benefit are changed under the Policy Adjustment Option section to the amount we would require to attach the rider to a newly issued policy based on our underwriting guidelines then in effect.

If this rider terminates under number 4 above, it may later be reinstated if the policy is reinstated.

000027          EXHIBIT A

# BUSINESS EARNINGS RIDER

This rider is part of the policy. It is issued in consideration of the application and payment of the premiums for the policy to which it is attached. All definitions, provisions, and exceptions of the policy apply to this rider unless changed by this rider. Its issue date is the same as the Policy Date unless another date is shown on the Data Page.

The policy to which this rider is attached is amended by changing the Earnings definition as follows:

**EARNINGS:**

Income you earn for labor or services performed. This includes salary, wages, fees.

If you are self-employed or a shareholder performing labor or services for any business, Earnings means:

1. Your share of the earned income;

   LESS

2. Your share of normal and customary business expenses which do not exceed expenses before disability began and which are deductible for Federal Income Tax purposes;

   PLUS

3. Any salary and any contributions to a tax qualified pension, profit sharing or deferred compensation plan made on your behalf.

Earnings include but are not limited to salary, wages, fees, commission, dividends, bonuses, undistributed net income or addition to retained earnings.

**EARNINGS DO NOT INCLUDE:**

1. Capital gains whether from short or long term investment;

2. Income from deferred compensation plans;

3. Income not derived from your vocational activities.

We will allow either the cash or accrual accounting method, whichever you are using immediately prior to the Disability. However, we will not consider any change in accounting method during a Disability.

000028                    EXHIBIT A

*David J. Drury*

PRESIDENT

the **Principal**
*Financial Group*

Principal Mutual Life
Insurance Company
Des Moines, Iowa 50392-0001

HH 661                                      P459473

# ADDITIONAL EXCEPTION RIDER

To be attached to and form a part of:

Policy Number: 7459473
Insured: PETER E GYORGY
Effective Date: May 28, 1994

This rider is part of the policy. It is issued in consideration of the issue or reinstatement of the policy. This rider is effective on the Effective Date shown above.

Due to the medical history or physical condition of  PETER E GYORGY (Insured)                                      , we will not pay benefits for any loss or disability sustained by such person which is caused or contributed to by: Any injury to/disease or disorder of the lumbosacral joints or the lumbar spine, its muscles, ligaments, discs, or nerve roots including sciatica, or the sacroiliac including any treatment or operation therefor or complication thereof.

IN WITNESS WHEREOF, the PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Des Moines, Iowa, has caused this rider to be made a part of the policy to which it is attached as of the above Effective Date.

*David J. Drury*

PRESIDENT

the Principal

*Financial
Group*

**Principal Mutual Life
Insurance Company
711 High Street
Des Moines, Iowa 50392-0001**

I understand and agree to the terms of this rider.

Date __6/1/94__   Accepted _____

(Not valid unless signed by Insured)

000029      EXHIBIT A

HH 682    (7-88)



**Principal Mutual**
Life Insurance Company
711 High Street
Des Moines, Iowa 50392-0001
☐ Life
☐ Disability Income

SW #369060
7459473

**Principal National**
Life Insurance Company
711 High Street
Des Moines, Iowa 50392-0001
☐ Life

Nº 607945
Insurance
Application

| 1. Proposed Insured's Name - (First - Middle - Last) | Sex | Birthdate | | | Age | Proposed Insured's Soc. Sec. No. |
|---|---|---|---|---|---|---|
| PETER E. GYORGY | | Mo. | Day | Yr. | | |
| ☒ Single ☐ Married ☐ Widowed ☐ Divorced ☐ Separated | M | 7 | 28 | 60 | 33 | |

2. Home address **10629 WOODBRIDGE ST. #311**  City **N. HOLLYWOOD**  County  State **CA**  Zip **91602**  State of Birth **DE**

3. Owner _____  Owner's taxpayer ID No. |__|__|__|__|__|__|__|__|__|
   Owner's address _____
   Relationship to Proposed Insured _____  Contingent Owner _____
   If under age 15, Ownership is ☐ Permanent or ☐ Temporary to ☐ age 18 ☐ age 21 or ☐ age 25.

4. ☒ DISABILITY Insurance plan desired. Complete questions 1-4, 12-28 and D.I. Supplemental Application

5. Beneficiary and relationship to Proposed Insured:
   **JOHN GYORGY — BROTHER**

   Contingent Beneficiary: **BETH GYORGY — SISTER**

   Application of policy proceeds should be:
   ☐ Proceeds to be left at interest. Beneficiary to have election and withdrawal rights.
   ☐ Interest Draft Account
   ☐ Pay Interest _____ (Frequency).

6. LIFE plan desired **AL**
   (For AL show premium or plan desired)
   Amount $ **50,000**
   Planned periodic premium $ **90⁰⁰**
   Death ☐ Opt. 1 (Face amount)
   Benefit ☐ Opt. 2 (Face amount + accum. value)
   Term rider _____ for $_____
   MIB $_____ Mo. income for _____ yrs. ☒ APL

   ☐ WDB ☒ DPA (AL) $ **MAX**
   ☐ ADB: Base amt. $_____ Term rider $_____
   ☐ PAPA _____ Total ann. prem. (div. must be addt'l) $_____
   ☐ Change of Insured ☐ GPO/GIO $_____
   ☐ *Spouse Term $_____
   ☐ *Family or ☐ *Child Term _____ units
   ☐ *Payor Death or Disability ☐ *Payor Death
   *Complete Spouse, Child, Payor application

7. Dividends to ☐ Reduce premium ☐ Purchase addt'l ins. ☐ Accumulate at interest ☐ Be paid in cash ☒ Improve policy
   ☐ AL - reduce/unscheduled ☐ EPO - return CV* ☐ EPO - return of premium* ☐ Balance as checked

8. Life mode ☐ Annual. ☐ Semi-annual ☒ Quarterly ☐ PAC ☐ Special plan _____

9. Will policy applied for replace or change any other life or annuity insurance? ☐ Yes ☒ No
   If yes complete replacement forms. Company replaced _____ Policy No. _____

10. Life insurance in force? ☐ Yes ☒ No  If business - indicate type - keyman, buy-sell, etc.

| Company | Life amount | ADB amount | WDB | Yr. Issue | Personal or Business |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

11. AMENDMENTS AND ADDITIONS  **SEE ATTACHED POLICY RIDER**  MAY 18 1993  000030  **EXHIBIT A**

12. Employer **HEALTH NET**  Address **21600 OXNARD ST #1700 W.H**
    Occupation **MANAGER**  Duties **ANALYSIS**
    Annual earned income $ **60,000**  Annual unearned income $ **∅**

13. Personal doctor **JOHN PLANDER**
    Address **SHERMAN OAKS**
    Date last seen **1-93** Reason **CHECK UP**
    Findings **ALL OK**

| 14. FAMILY RECORD | Age if Living | Age at Death | Cause of Death |
|---|---|---|---|
| Father / Mother | — / 72 | 45 / | CAR ACCIDENT |
| Brothers/Sisters | | | |

15. Height **5'9"** Weight **170**
    Weight change in last year **∅** lbs. ☐ Gain ☐ Loss
    Reason _____

16. a) Tobacco use ☐ Current ☒ Past ☐ Never
      (if "Never," skip part b)
    b) Type/frequency (i) ☒ Cigarettes **1/2** pks/day
       ☐ _____ Pipes full/day ☐ _____ Cigars/day ☐ Chew
       (ii) Date last used **2-11-84**

LA 401



**Principal Mutual**
**Life Insurance Company**
711 High Street
Des Moines, Iowa 50392-0001

**Principal National**
**Life Insurance Company**
711 High Street
Des Moines, Iowa 50392-0001

**Insurance Application**

| | | Yes | No |
|---|---|---|---|
| 17. | Have you, or do you plan to engage in ultra light flying, scuba or sky diving, car or other type of racing? | ☐ | ☒ |
| 18. | Do you plan to fly or have you within the last five years flown as a pilot, student pilot or crew member? | ☐ | ☒ |
| 19. | Do you plan to live or travel outside the U.S.? | ☐ | ☒ |
| 20. | Have you ever had life or disability insurance rated, ridered, modified or declined? | ☐ | ☒ |
| 21. | Driver's license number __CY2042S3__. In the last 3 years have you been charged with or had 2 or more motor vehicle moving violations or accidents, suspension or revocation of your license, driving while intoxicated? | ☐ | ☒ |
| 22. | Have you in the last five years been arrested for other than traffic violations? | ☐ | ☒ |
| 23. | Within the last 5 years have you been treated or counseled or joined an organization for alcohol or drug use or used amphetamines, barbiturates, sedatives, LSD, marijuana, cocaine, heroin, or morphine? | ☐ | ☒ |

"Yes" answers to 17 and 18 require Sports and/or Aviation Statement respectively.  Explain or give reasons if "Yes" for questions 19-23.

| | | Yes | No |
|---|---|---|---|
| 24. | Within the last 10 years have you been treated for or had any indication of: | | |
| | a.  Disease of the heart or circulatory system including high blood pressure, chest pain or stroke? | ☐ | ☒ |
| | b.  Respiratory disorder including asthma, emphysema, or other lung disorder? | ☐ | ☒ |
| | c.  Cancer or tumors? | ☐ | ☒ |
| | d.  Mental or emotional disorder, seizures, or disorder of the brain or nervous system? | ☐ | ☒ |
| | e.  Diabetes, thyroid, breast, prostate or glandular disorder? | ☐ | ☒ |
| | f.  Disorder of the stomach, liver, gallbladder, pancreas or digestive tract including colitis or ulcers? | ☐ | ☒ |
| | g.  Disorder of the kidneys, urinary or reproductive system, venereal or other infectious disease? | ☐ | ☒ |
| | h.  Disease or disorder of the skin, eyes, ears, spine, back or joints including arthritis? | ☐ | ☒ |
| 25. | Have you ever been treated for or diagnosed as having Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC) or any immune disorder? | ☐ | ☒ |
| 26. | Are you now under any medication, treatment or therapy? | ☐ | ☒ |
| 27. | Other than noted above, have you in the last 5 years seen a doctor, counselor, therapist or had any illness, injury, surgery, diagnostic test or treatment? | ☒ | ☐ |

28. Details of "Yes" answers to questions 24-27.  Circle condition.

| No. | Date | Details - include diagnoses, treatment, duration and results. | Name and address of doctor or medical facility |
|---|---|---|---|
| 27 | JULY 1993 | LUMBAR DISCECTOMY – SLIPPED A DISC (L-4-L-5) – HAD SURGERY IN JULY IN BED 3 WEEKS. NO FURTHER PROBLEMS | PABLO LAWNER N. HOLLYWOOD |
| | | | |
| | | 000031 | EXHIBIT A |
| | | | |
| | | | |
| | | | |



| | | |
|---|---|---|
| **Principal** Financial Group | **Principal Mutual Life Insurance Company** 711 High Street Des Moines, Iowa 50392-0001 | **Principal National Life Insurance Company** 711 High Street Des Moines, Iowa 50392-0001 |

№ 607945

Authorization

As part of our routine underwriting procedure, you may receive a phone call from the Home Office in Des Moines. The purpose of this call is to obtain personal and financial information needed to evaluate your insurability. Your answers will be kept strictly confidential.

Do you prefer to be interviewed rather than another family member? ☒ Yes ☐ No

Home phone ( 8 8 ) 769 3875
Area Code

May we talk to your spouse? ☐ Yes ☐ No

May we call you at work? ☐ Yes ☐ No

Business phone ( 8 6 ) 593 5087
Area Code

Spouse's business phone (_____)
Area Code

Special Instructions: _____ CALL 9-5 PST OFFICE

I represent that all statements in this application are true and complete to the best of my knowledge and belief. I understand they are the basis of any insurance issued and that misrepresentations could mean denial during the contestable period of an otherwise valid claim.

I agree that, except as the Conditional Receipt provides, the Company shall incur no liability unless: (1) a policy is issued (2) the policy is received and accepted by the owner and (3) the first premium is paid. I agree that these three must occur while, as far as the owner knows, there has been no change since the date of this form in the health or any other factor affecting the insurability of any person proposed for insurance. I agree that only the Home Office is authorized to pass on insurability or to make, change or discharge any contract or waive any of the Company's rights. I agree that the right to change the beneficiary is reserved to the owner unless otherwise provided in question 5. Any change in issue age, amount, class, plan or benefits made by the Company shown under "Amendments" is subject to my written ratification.

☐ This application is COD or ☒ I have paid $ 201.10 _____ for ☒ Life ☒ Disability Insurance. If money was paid, I have been given the Conditional Receipt. In return I have read, understand, and agree to its terms.

I authorize any doctor, hospital, clinic, health care provider, insurance (or reinsuring) company, consumer reporting agency, my insurance agent, employer, family member, friend, neighbor, lawyer, accountant, roommate or business associate having personal information (including physical, mental, drug or alcohol use history) regarding me or any named dependent, to provide to the Company, its representatives or reinsurers, any such data.

I authorize the Company to conduct a Personal Telephone Interview in connection with my application for insurance.

I authorize the MIB, Inc. to furnish the above data to the Company or its reinsurers.

I authorize the Company to release any such data to its reinsurers, MIB, Inc., or as required by law or as provided in the Notice of Information Practices.

I understand that the data obtained by use of this Authorization will be used by the Company to determine eligibility for insurance.

I have received a copy of "Notice of Insurance Information Practices" which includes notice required by any Fair Credit Reporting Act. It also describes MIB, Inc.

I agree that this authorization shall be valid for two years from the earlier of: (1) the date of this application, or (2) the date of my policy. I may revoke this authorization for information not then obtained. Such revocation must be in writing. It will not be effective until received at the Company's Home Office.

I agree a photocopy of this authorization shall be as valid as the original. I have received a copy of this authorization.

_____ X _____

Signature of Owner (if other than Proposed Insured)
If Corporation, Officer (indicate title) other
than Proposed Insured must sign.

000032

Signature of Proposed Insured
(only if over age 8)

**EXHIBIT A**

_____ _____

Signature of Spouse if Spouse Term or
Family Term is being applied for.

Signature of Parent if Proposed Insured is under
age 15 and Parent has not signed as Owner.

Signed at W H    CA    4-13-9▢
City      State      Date

Witness _____

Agent

\A 401



**Principal Mutual**
Life Insurance Company
711 High Street
Des Moines, Iowa 50392-0001

*Financial Group*

№ 607945

Supplemental Application
for Disability Insurance

174494713

1. Name of Proposed Insured  PETER GYORGY     Date of Birth  7-2-8-60

2. **DISABILITY INCOME**
Complete items 1, 2, 5-20.

| | Monthly Amount | Elimination Period | Benefit Period | Other Benefits |
|---|---|---|---|---|
| Disability Benefit | $ 1500 | 90 days | 5 YR | ☐ Cost of Living 8% ☐ _____ % |
| 1st AIB | $ _____ | - for - | _____ days | ☐ Lifetime Extension |
| 2nd AIB | $ _____ | - for - | _____ days | ☐ Regular Occupation |
| SSS/SIS Benefit | $ _____ | _____ days | Same as Disability Benefit | ☐ Partial Disability |
| AIB | $ _____ | - for - | _____ days | ☐ Other _____ |

3. **OVERHEAD EXPENSE**
Complete items 1, 3, 6-20 and also Confidential Financial Statement

| | Benefit Amount | Elimination Period | Maximum Aggregate Multiple |
|---|---|---|---|
| | $ _____ | _____ days | ☐ 12  ☐ 18  ☐ 24 |

4. **DISABILITY BUY-OUT**
Complete items 1, 4, 6-21.

**Payment Method**

☐ Single Lump Sum - Benefit Amount  $ _____
OR
☐ Monthly Payments - Monthly Amounts $ _____
Benefit Period ☐ 24 months ☐ 36 months ☐ 60 months

**Elimination Period**
☐ 365 days
☐ 540 days
☐ 730 days

5. Loss Payee (DI only) if other than owner _____ NA

6. (a) Type of business  ☐ Sole Proprietor ☐ Partnership ☒ Corporation ☐ S-Corporation
   (b) Number of employees  Full-time 15,000 + Part-time _____ Contracted _____

7. (a) Is your business or office at your residence? ☐ Yes ☒ No   (b) Percent of time working there _____ %

8. Distance between business and residence _____ 10 miles (circle one)

9. Other occupations in the last 5 years and duration worked in each _____ Gyro @ current

10. Describe any part-time jobs _____ NONE

11. Earned Income

| | Actual Last Year | Year to Date |
|---|---|---|
| (a) Salary, bonus, fees, commissions | $ 65000 | $ 18,000 + |
| (b) S-Corp dividends OR | $ _____ | $ _____ |
| (c) Proprietors and Partners only. Net Income taken from Schedule C or form 1065 and K-1 | $ _____ | $ _____ COC033 |

12. Unearned Income (interest, dividends, net rent, alimony, pension, capital gains)
   (a) Does your unearned income exceed $3,000/year?
   ☐ Yes ☒ No
   (b) If "yes," list source and amount for last year.

| Source | Amount last year |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

13. (a) Does your net worth (excluding primary residence) exceed $1,000,000? ☐ Yes ☒ No
    (b) If "yes," give breakdown _____

**EXHIBIT A**

14. Accident and sickness insurance in force? ☒ Yes ☐ No   Types 1. Individual DI  2. Group  3. State Disability
    4. Individual Overhead Expense  5. Individual Buy-Out  6. Association

| Insurance Carrier | Type of Coverage | Amount Per month | Elimination Period | Benefit Period |
|---|---|---|---|---|
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |

15. (a) Will policy applied for replace or change any other accident and sickness insurance? ☒ No ☐ Yes
    If "yes," complete item 15(b) (submit state replacement forms if required, and give details) _____

4 403



**Principal Mutual**
Life Insurance Company
711 High Street
Des Moines, Iowa 50392-0001

*Financial Group*

**Supplemental Application**
**for Disability Insurance**

5. (b) I realize that if all the listed accident and sickness insurance is kept in force, overinsurance would result. Therefore, I agree that the following policies can be cancelled or lapsed within 30 days of this policy date or adjustment date. I understand the Principal Mutual Life Insurance Company is relying on the statements in this form to issue insurance.

| Insurer | Policy Number | $ | Benefit Amount |
|---------|---------------|---|----------------|
|         |               |   |                |
|         |               |   |                |
|         |               |   |                |

I understand that if I do not cancel or lapse the insurance listed, the Principal Mutual Life Insurance Company will rescind this policy or adjustment.

I authorize the Principal Mutual Life Insurance Company to contact the stated insurance company(ies) to confirm that the A&S insurance listed has been cancelled or lapsed.

16. Are you covered by (a) Social Security? ☒ Yes ☐ No  (b) State Disability Insurance? ☒ Yes ☐ No
17. Percent of policy premium to be paid by you _____ % your employer (not taxable to you) _____ %
18. Premium notices mailed to _____ HOME
19. Premium mode ☐ Annual  ☐ Semi-annual ☒ Quarterly (list bill cases only) ☐ PAC
    List billing with other policies numbered _____

20. **DISABILITY BUY-OUT ONLY**
    (a) Average number of hours you work per week for the Firm _____
    (b) Has your Firm or any of its principals declared bankruptcy in the last 5 years? ☐ Yes  ☐ No
    (c) List all principals proposed for the Buy-Sell Agreement

| Name | Age | Title | % of Ownership | Disability Buy-Out Insurance in Force $ | Cost to Replace Owner $ |
|------|-----|-------|----------------|------------------------------------------|--------------------------|
|      |     |       |                |                                          |                          |
|      |     |       |                |                                          |                          |
|      |     |       |                |                                          |                          |
|      |     |       |                |                                          |                          |
|      |     |       |                |                                          |                          |

(d) Type of Buy-Sell Agreement in force or planned  ☐ Cross purchase ☐ Stock redemption ☐ Entity purchase
    ☐ Other (describe) _____
(e) Firm valuation basis ☐ Book value ☐ Excess profit ☐ Combination book value/good will
    ☐ Capitalization of average net annual earnings  ☐ Appraisal  ☐ Sale of similar business
    ☐ Other (describe) _____
(f) Total current value based on this method $ _____

|  | Year to Date | Last Tax Year | Prior Tax Year |
|--|--------------|---------------|----------------|
| (g) Gross annual sales | $ _____ | _____ | _____ |
| (h) Net annual profit | $ _____ | _____ | _____ |

**ACKNOWLEDGEMENT OF RECEIPT**     000031     EXHIBIT A

I acknowledge receipt of the required outline of coverage with the application for Disability insurance policy HH _____

I represent that all statements in this application are true and complete to the best of my knowledge and belief.

I understand they are the basis of any insurance issued. Any change in amount, plan or benefits made by the Company is subject to my written ratification.

_____
Signature of Applicant or Owner

X _____
Signature of Proposed Insured

Signed at  WH    CA    4-13-84     Witness _____
         City   State   Date                    Agent

LA 403

000035        EXHIBIT A

ISABILITY INCOME POLICY. Non-cancellable and guaranteed renewable to Age 65 at guaranteed premium rates.
Conditionally renewable from Age 65 for life, subject to change in premium rates. Social Security
Substitute Benefit, if included, continuable at guaranteed premium rates to Age 65 or
prior retirement. PARTICIPATING.

HH 641                                                                    P459473

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148748    — SH
* * C O P Y * *
March 13. 2008
15:55:07**

**Civ Fil Non—Pris**
USAO #.: 08CV0470
Judge,.: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC67310

**Total—> $350.00**

FROM: GYORGY V. PRINCIPLE LIFE INS C

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
PETER E. GYORGY

## DEFENDANTS
PRINCIPAL LIFE INSURANCE COMPANY, f/k/a
PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

**FILED**

MAR 13 2008

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Polk, Iowa
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**08 CV 0470 WQH BLM**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frank N. Darras, Esq.
SHERNOFF BIDART & DARRAS, LLP
3257 E. Guasti Road, Suite 300
Ontario, CA  91761
Tel:(909) 390-3770

ATTORNEYS (IF KNOWN)
ADRIENNE C. PUBLICOVER (SBN 161432)
MICHAEL T. HORAN (SBN 148710)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor, San Francisco, CA  94105
Tel: (415) 433-0990

## II. BASIS OF JURISDICTION   (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

U.S. Civil Statue: 28 U.S.C. 1332, 1441(b)
Brief description: Breach of Insurance Contract, Bad Faith.

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removal from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ N/A     CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____     Docket Number _____

DATE
March 13, 2008

SIGNATURE OF ATTORNEY OF RECORD
_____     MICHAEL T. HORAN

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

*Rec 148748 #350 3/13/08*

*CR*

**CERTIFICATE OF SERVICE**
*Peter E. Gyorgy v. Principal Life Insurance Company, et al.*
*San Diego Superior Case #37-00077232-CU-IC-CTL*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**CIVIL COVER SHEET**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

➔    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Frank N. Darras, Esq.
SHERNOFF BIDART & DARRAS, LLP
3257 E. Guasti Road, Suite 300
Ontario, CA  91761
Tel:   (909) 390-3770
Fax:   (909) 974-2121

*Attorneys for Plaintiff*
*PETER E. GYORGY*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on March 13, 2008, at San Francisco, California.

_____
Joya Yeung

1