ADRIENNE C. PUBLICOVER  (SBN #161432)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA  94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
PRINCIPAL LIFE INSURANCE COMPANY,
f/k/a PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER E. GYORGY,<br><br>                    Plaintiff,<br><br>        v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br>f/k/a PRINCIPAL MUTUAL LIFE<br>INSURANCE COMPANY; and DOES 1<br>through 10, inclusive,<br><br>                    Defendants. | Case No.: CV08-00470 WQH (BLM)<br><br>**DEFENDANT'S ANSWER TO<br>PLAINTIFF'S COMPLAINT** |

Principal Life Insurance Company ("Principal Life") hereby answers the Complaint for breach of contract and breach of the covenant of good faith and fair dealing ("the Complaint") filed by Plaintiff Peter E. Gyorgy ("Plaintiff") as follows:

Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple concise, and direct."   The Complaint violates these provisions as it contains partial quotes, unnecessary advocacy, and footnotes defining and discussing medical terms.  In answering the Complaint, Principle Life only is required to address the averments upon which Plaintiff relies to allegedly state a claim.

**ANSWERS TO FACTUAL ALLEGATIONS**

1.     Answering Paragraph 1 of the Complaint, Principle Life admits that Plaintiff is a resident and citizen of the State of California.

2.     Answering Paragraph 2 of the Complaint, Principle Life admits that it was formerly known as Principal Mutual Life Insurance Company, that it is, and at all times relevant to this action was, a corporation duly organized and existing under the laws of the State of Iowa, and that it is authorized to transact and is transacting the business of insurance in the State of California.

3.     Answering Paragraph 3 of the Complaint, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

4.     Answering Paragraph 4 of the Complaint, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

5.     Answering Paragraph 5 of the Complaint, Principle Life admits that Plaintiff was covered under a disability income policy issued by Principal Life, numbered P459473, and dated May 28, 1994.  Principle Life further admits that a copy of this policy is attached to the Complaint as Exhibit A.

6.     Answering Paragraph 6 of the Complaint, Principle Life states that the language contained in the policy speaks for itself and as such denies each and every statement or allegation contained in said Paragraph concerning the policy.  Principle Life further states that the language of Principle Life's August 25, 2006 letter to Plaintiff speaks for itself and as such denies each and every statement or allegation contained in said Paragraph concerning that letter.

7.     Answering Paragraph 7 of the Complaint, Principle Life admits that all premiums due under the policy have been paid.   As to the remaining allegations, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every remaining allegation contained therein.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1

8.      Answering Paragraph 8 of the Complaint, Principal Life admits that Plaintiff submitted a claim to Principal Life under the policy and, based on information and belief, Principal admits that Plaintiff represented himself as the Director for Business Development for Aptium Oncology on the disability claim notice submitted to Principal Life.  Principal Life denies that Plaintiff was or is disabled under the terms of the policy.  As to the remaining allegations, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every remaining allegation contained therein.

9.      Answering Paragraph 9 of the Complaint, Principle Life states that the language contained in the Psychiatric Questionnaire speaks for itself and as such denies each and every statement or allegation contained in said Paragraph.

10.     Answering Paragraph 10 of the Complaint, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.  Principle Life further states that Plaintiff's claim submission, including medical records, speaks for itself and contains the best evidence of his medical condition.

11.     Answering Paragraph 11 of the Complaint, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.  Principle Life further states that Plaintiff's claim submission, including medical records, speaks for itself and contains the best evidence of his medical condition.

12.     Answering Paragraph 12 of the Complaint, Principle Life admits that it denied Plaintiff's claim for disability benefits on or about April 13, 2007.  Principle Life denies that Plaintiff was entitled to disability benefits under the policy, denies that Plaintiff has or had a disabling depression entitling him to disability benefits under the policy, and denies that Principle Life was unreasonable in denying Plaintiff's claim for disability benefits.

13.     Answering Paragraph 13 of the Complaint, Principle Life denies each and every allegation in said Paragraph.

3
**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

## ANSWERS TO FIRST CAUSE OF ACTION

14.    Answering Paragraph 14 of the Complaint, Principle Life incorporates by reference the above Paragraphs 1 through 13 as if set forth fully herein.

15.    Answering Paragraph 15 of the Complaint, Principal Life denies each and every allegation in said Paragraph, including all subparts.

16.    Answering Paragraph 16 of the Complaint, Principle Life denies each and every allegation in said Paragraph

17.    Answering Paragraph 17 of the Complaint, Principle Life denies each and every allegation in said Paragraph.

18.    Answering Paragraph 18 of the Complaint, Principle Life denies each and every allegation in said Paragraph.

19.    Answering Paragraph 19 of the Complaint, Principle Life denies each and every allegation in said Paragraph.

20.    Answering Paragraph 20 of the Complaint, Principle Life denies each and every allegation in said Paragraph.

21.    Answering Paragraph 21 of the Complaint, Principle Life admits that the processing of Plaintiff's claims was undertaken by its employees.  As to the remaining allegations, Principle Life is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every remaining allegation contained therein.

## ANSWERS TO SECOND CAUSE OF ACTION

22.    Answering Paragraph 22 of the Complaint, Principle Life incorporates by reference the above Paragraphs 1 through 21 as if set forth fully herein.

23.    Answering Paragraph 23 of the Complaint, Principle Life admits that it had duties to Plaintiff under the policy as set forth in the policy language, which speaks for itself.

24.    Answering Paragraph 24 of the Complaint, Principle Life denies each and every allegation in said Paragraph.

/ / /

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1

1    25.    Answering Paragraph 25 of the Complaint, Principle Life denies each and every

2    allegation in said Paragraph.

3    **ANSWERS TO PRAYER TO FIRST CAUSE OF ACTION – BREACH CONTRACT**

4    1.    Answering Paragraph 1 of the prayer for relief, Principle Life denies Plaintiff is

5    entitled to any damages or relief requested in this Paragraph.

6    2.    Answering Paragraph 2 of the prayer for relief, Principle Life denies Plaintiff is

7    entitled to any damages or relief requested in this Paragraph.

8    3.    Answering Paragraph 3 of the prayer for relief, Principle Life denies Plaintiff is

9    entitled to any damages or relief requested in this Paragraph.

10    4.    Answering Paragraph 4 of the prayer for relief, Principle Life denies Plaintiff is

11    entitled to any damages or relief requested in this Paragraph.

12    5.    Answering Paragraph 5 of the prayer for relief, Principle Life denies Plaintiff is

13    entitled to any damages or relief requested in this Paragraph.

14    6.    Answering Paragraph 6 of the prayer for relief, Principle Life denies Plaintiff is

15    entitled to any damages or relief requested in this Paragraph.

16    **ANSWERS TO PRAYER TO SECOND CAUSE OF ACTION -**

17    **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

18    1.    Answering Paragraph 1 of the prayer for relief, Principle Life denies Plaintiff is

19    entitled to any damages or relief requested in this Paragraph.

20    2.    Answering Paragraph 2 of the prayer for relief, Principle Life denies Plaintiff is

21    entitled to any damages or relief requested in this Paragraph.

22    3.    Answering Paragraph 3 of the prayer for relief, Principle Life denies Plaintiff is

23    entitled to any damages or relief requested in this Paragraph.

24    **AFFIRMATIVE DEFENSES**

25    The following separate affirmative defenses are alleged on information and belief by

26    Principle Life as to Plaintiff so as not to be waived at trial. Principle Life reserves the right to

27    amend or withdraw any or all defenses or to raise additional defenses as or after they may

28    become known during the course of investigation and discovery.

---

5

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

1

### FIRST AFFIRMATIVE DEFENSE

2      1.      Principle Life alleges that neither the Complaint, nor any claim for relief therein,

3 states facts sufficient to state a claim against Principle Life.

4

### SECOND AFFIRMATIVE DEFENSE

5      2.      In the event that Plaintiff has sustained any damages as alleged in the Complaint,

6 which Principle Life denies, then on information and belief, Principle Life alleges that Plaintiff

7 failed to mitigate his damages.

8

### THIRD AFFIRMATIVE DEFENSE

9      3.      Principle Life alleges that each and every act or statement done or made by

10 Principle Life, its corporate officers, employees and/or agents, with reference to Plaintiff, were

11 privileged as a good faith assertion of Principle Life's legal and contractual rights.

12

### FOURTH AFFIRMATIVE DEFENSE

13      4.      Principle Life alleges on information and belief that by his conduct or that of his

14 agents, Plaintiff has waived, or is estopped to assert, every claim for relief against Principle

15 Life set forth in his Complaint.

16

### FIFTH AFFIRMATIVE DEFENSE

17      5.      Principle Life alleges that, if Principle Life failed to perform any obligations

18 owing to the Plaintiff, which Principle Life categorically denies, on information and belief, such

19 performance was prevented or made impossible as a result of acts or omissions by Plaintiff

20 and/or third parties.

21

### SIXTH AFFIRMATIVE DEFENSE

22      6.      Without conceding that Plaintiff sustained any damages as alleged in the

23 Complaint, Principle Life alleges, on information and belief, that if any such damages were

24 sustained by Plaintiff, Plaintiff failed to and did not exercise ordinary care, caution or prudence

25 on his own behalf and that the alleged damages, if any, either sustained by Plaintiff or referred

26 to in the Complaint, were directly and proximately caused and contributed to by the acts and/or

27 omissions of Plaintiff.    Accordingly, recovery, if any, on the part of the Plaintiff against

28

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1

1   Principle Life must be reduced by a proportionate percentage of the wrong attributable to the

2   Plaintiff.

3   ## SEVENTH AFFIRMATIVE DEFENSE

4         7.    Principle Life alleges that, without conceding Plaintiff has sustained any

5   damages as alleged in his Complaint, if any such damages were sustained by Plaintiff, they

6   were caused by persons or entities other than Principle Life, and at all times, these other person

7   or entities were acting without the consent, authorization, knowledge or ratification of Principle

8   Life, with regard to any and all of the acts alleged in the Complaint, and the award of damages,

9   if any, should be reduced by the proportionate percentage of the wrong attributable to those

10  persons or entities.

11  ## EIGHTH AFFIRMATIVE DEFENSE

12        8.    Principle Life alleges that Plaintiff failed to comply with one or more of the

13  conditions precedent to coverage under the Policy, including, but not limited to, failing to

14  provide evidence of his continued disability.

15  ## NINTH AFFIRMATIVE DEFENSE

16        9.    Principle Life alleges that any and all actions taken by Principle Life were fair

17  and reasonable and were performed in good faith based on all the relevant facts known to

18  Principle Life at all applicable times.

19  ## TENTH AFFIRMATIVE DEFENSE

20        10.    Principle Life alleges that the Complaint, and each purported claim for relief

21  contained therein, fails to state any facts that would entitle Plaintiff to recovery of general,

22  compensatory, punitive and/or other damages (including attorneys' fees and costs) against

23  Principle Life.

24  ## ELEVETH AFFIRMATIVE DEFENSE

25        11.    Principle Life alleges on information and belief that Plaintiff's Complaint

26  violates the provisions of the United States and California Constitutions in that it seeks the

27  recovery of punitive and exemplary damages against this Defendant.  Moreover, specifically,

28  Plaintiff's Complaint:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1

1     (a)    Fails to state facts sufficient to give rise to a cause of action for punitive or

2 exemplary damages as against Principle Life;

3     (b)    Violates Principle Life's rights to procedural due process under the Constitutions

4 of the United States and of the State of California;

5     (c)    Violates Principle Life's rights to be free from excessive fines and penalties

6 under the Constitutions of the United States and of the State of California;

7     (d)    Violates Principle Life's rights to substantive due process under the

8 Constitutions of the United States and of the State of California;

9     (e)    Violates Principle Life's right to equal protection under the Constitutions of the

10 United States and of the State of California; and

11     (f)    Violates Principle Life's rights under Article VI of the United States

12 Constitution.

13 **TWEFTH AFFIRMATIVE DEFENSE**

14     12.    Principle Life alleges that plaintiff's tort claims are without merit, as a matter of

15 law, as there is a genuine dispute concerning Plaintiff's continued entitlement to benefits under

16 the Policy.

17 **THIRTEENTH AFFIRMATIVE DEFENSE**

18     13.    Principle Life alleges, on information and belief, that Plaintiff is barred and

19 estopped by the equitable doctrines of unclean hands and laches from seeking or obtaining any

20 recovery against Principle Life.

21 **FOURTEENTH AFFIRMATIVE DEFENSE**

22     14.    Principle Life alleges on information and belief that Plaintiff's claims for relief

23 are barred by the parol evidence rule.

24 **FIFTHTEENTH AFFIRMATIVE DEFENSE**

25     15.    Principle Life alleges on information and belief that Plaintiff's claims are barred

26 by principles of unjust enrichment.

27

28

### SIXTHTEEN AFFIRMATIVE DEFENSE

16.     Principle Life alleges on information and belief that Plaintiff has received all benefits to which he is entitled and that he is not entitled to any further benefits or any other compensation from Principle Life.    Moreover, although Principle Life denies that he can recover future benefits under the Policy, if any benefits are awarded on this basis, they must be discounted to present value.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Principle Life alleges on information and belief that Plaintiff's claim for benefits is time barred under all applicable statutes of limitations, including but not limited to *California Code of Civil* Procedure Sections 337, 338, 339, 340, and 343, and each and every subsection thereof.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Principle Life alleges on information and belief that Plaintiff has failed to comply with the terms of the Policy that is the subject of this action; and that, accordingly, Plaintiff's claim for benefits is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Principle Life alleges on information and belief that Plaintiff's remedy for any alleged breach of contract is limited by *California Civil Code* Sections 3300, 3301, and 3302.

### TWENTIETH  AFFIRMATIVE DEFENSE

20.     Principle Life alleges on information and belief that Plaintiff's damage claims, if any, is limited by *California Insurance Code* Section 10111.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Principle Life reserves its right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**WHEREFORE**, Principle Life prays for judgment as follows:

1.     That Plaintiff take nothing against Principle Life by reason of his Complaint, that judgment be awarded in favor of Principle Life, and against Plaintiff, and that Principle Life be dismissed from this action;

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1

1       2.     That Principle Life be awarded its attorney fees incurred herein;

2       3.     That Principle Life be awarded its costs of suit; and

3       4.     That the Court grant such other and further relief as it may deem just and proper.

4

5  Date: May 7, 2008          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

6

7                 By:   /s/ Adrienne C. Publicover

8                     Adrienne C. Publicover
                         Attorneys for Defendant

9                         PRINCIPLE LIFE INSURANCE COMPANY, f/k/a PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1

**CERTIFICATE OF SERVICE**
*Peter E. Gyorgy v. Principal Life Insurance Company, et al.*
*USDC SDCA Case #CV08-00470 WQH (BLM)*

I am a citizen of the United States, I am over the age of eighteen years not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

On the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

____: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

____: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

____: **Facsimile** -- (Only where permitted.  Must consult CCP §1012.5 and California Rules of Court 2001-2011.  Also consult FRCP Rule 5(e).  Not currently authorized in N.D.CA.)

Frank N. Darras, Esq.
SHERNOFF BIDART DARRAS ECHEVERRIA LLP
3257 E. Guasti Road, Suite 300
Ontario, CA  91761
Tel:    (909) 390-3770
Fax:    (909) 974-2121
*Attorneys for Plaintiff*
*PETER E. GYORGY*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed **May 7, 2008**, at San Francisco, California.

_____
Nancy Li

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
USDC SDCA Case #CV08-00470 WQH (BLM)
351788.1